UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EVELYN ALEXIS BEVIS, ET AL, INDIVIDUALLY, AND ON BEHALF OF A CLASS OF PERSONS SIMILARLY SITUATED | * * * * | CIVIL ACTION |
| | * | NUMBER: 10-4161 |
| Plaintiffs | * * | |
| VERSUS | * * | SECT. B; MAG. 3 |
| THE CITY OF NEW ORLEANS, THROUGH ITS ADMINISTRATION, ITS COUNCIL AND THROUGH THE DEPARTMENT OF PUBLIC WORKS, AMERICAN TRAFFIC SOLUTIONS, INC., and DEFENDANTS DOE ONE THROUGH DOE ONE HUNDRED | * * * * * * * | HON. IVAN L. R. LEMELLE JUDGE

HON. DANIEL E. KNOWLES, III MAGISTRATE |
| Defendants | * | |

\* \* \* \* \* \* \* \*

**FIRST AMENDED CLASS ACTION COMPLAINT
BEFORE SUMMONS, SERVICE AND ANSWER**

NOW COME nominal plaintiffs**, including original Named Plaintiff and proposed Class Representative Evelyn Alexis Bevis, and additional Named Plaintiffs and proposed Class Representatives, Scott I. Zatzkis and Juliet M. Neves,** individually and on behalf of a class of persons similarly situated, through undersigned counsel, who with respect reiterates and re-avers in extenso the original Class Action Complaint for Damages herein, and does amend same before Answer as indicated below:

## I.  JURISDICTION AND PRELIMINARY STATEMENT

**1.**

Jurisdiction is founded upon 28 U.S.C. 1331, and upon the United States District Court's supplemental jurisdiction over pendent or ancillary claims arising under the laws of the State of Louisiana.

**2.**

*Amended as follows:*

Plaintiffs bring causes of action in their own behalf and on behalf of persons similarly situated pursuant to 42 USC 1983, as an action at law to redress the deprivation under color of any statute, ordinance, regulation, custom, or usage the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, to specifically include without limitation: an unlawful taking of property within the meaning of the Fifth Amendment to the United States Constitution; deprivation of Equal Protection of the Law as afforded by the Fourteenth Amendment to the United States Constitution; deprivation of Due Process afforded by the Fifth and Fourteenth Amendments to the United States Constitution; violation of the United States Constitution, Section 10, respecting prohibition against the States of passage of any *ex post facto* law.

Plaintiffs also assert pendent and/or ancillary causes of action arising out of violations of the laws of the State of Louisiana and the Louisiana Constitution, which arise out of the same transactions and occurrences as those affording Federal Subject Matter Jurisdiction herein.

## II.  PARTIES

**3.**

*Amended as follows:*

Plaintiff, **Evelyn Alexis Bevis**, is an adult citizen of the Eastern District of Louisiana,

residing and domiciled at all times pertinent in New Orleans, Louisiana;

Plaintiff, **Scott I. Zatzkis**, is an adult citizen of the Eastern District of Louisiana, residing and domiciled at all times pertinent in the Parish of Jefferson, State of Louisiana.

Plaintiff, **Juliette M. Neves**, is an adult citizen of the Eastern District of Louisiana, residing and domiciled at all times pertinent in New Orleans, Louisiana;

Defendant, **The City of New Orleans,** is a municipal corporation capable of suing and being sued, domiciled and headquartered at all times pertinent in the New Orleans, Louisiana, in the Eastern District of Louisiana;

Defendant**, New Orleans Department of Public Works**, is a department of the City of New Orleans created and administered pursuant to the laws and charter of the City of New Orleans, and a nominal defendant herein, at all times pertinent in the Eastern District of Louisiana.

Defendant**, American Traffic Solutions, Inc**., is a foreign corporation licensed to do and doing business in the State of Louisiana, Parish of Orleans, and within the Eastern District of Louisiana.

Defendant**s Doe One through Doe One Hundred,** are natural or juridical persons sharing fault or liability pursuant to the causes of action articulated herein.

### III.  FACTS

**4.**

Sec. 154-58 (Code 1956, § 38-18) of the Code of Ordinances of the City of New Orleans mandates that the New Orleans Police Department "...shall enforce all street ordinances of the city and all of the state vehicle and traffic laws applicable to street traffic in the city."

**5.**

Nonetheless, The City of New Orleans, through its Administration and/or City Council,

enacted M.C.S., Ord. No. 22526, § 1, 2-15-07; M.C.S., Ord. No. 22978, § 2, 1-24-08; M.C.S., Ord. No. 23910, § 1, 3-11-10, M.C.S., Ord. No. 22526, § 1, 2-15-07; M.C.S., Ord. No. 22978, § 3, 1-24-08, M.C.S., Ord. No. 22526, § 1, 2-15-07; M.C.S., Ord. No. 22978, § 4, 1-24-08; M.C.S., Ord. No. 23402, § 1, 3-3-09; M.C.S., Ord. No. 23910, § 1, 3-11-10, M.C.S., Ord. No. 22526, § 1, 2-15-07; M.C.S., Ord. No. 22978, § 5, 1-14-08 - codified and promulgated as Section 154-1701 through Section 154-1704 (Article XVII - Automated Traffic Enforcement System) of the Code of Ordinances of the City of New Orleans- which provide for, *inter alia*, civil enforcement of "applicable traffic ordinances" by the New Orleans Department of Public Works.

### 6.

Upon receipt of photographic evidence of a traffic violation (i.e., that generated by "traffic cameras"), and pursuant to express delegation of authority by the above ordinances, Sections 154-1701 through 1704, enacted and promulgated by the City of New Orleans, its Administration and City Council, the New Orleans Department of Public Works is responsible for the administration of notification and collection of fines from vehicle owners. Additionally, said Sections authorize the Department of Public Works "...to enforce the payment of this civil penalty and related fees by use of the following methods: immobilization of vehicles (booting), towing and impounding, reporting the debt to collection agencies/credit reporting agencies, and/or initiating actions through the court." At all times pertinent, the Department of Public Works delegated its enforcement and payment collection functions to Defendant, American Traffic Solutions, Inc.

*Amended as follows:*

### 6(a)

Though self-styled as a civil enforcement remedy, the procedure thus adopted and as implented is actually a criminal, quasi-criminal, or mixed procedure, entitled to the same

constitutional rigor and guarantees of due process, among others, as similar criminal or quasi-criminal proceedings.

*Amended as follows:*

### 6(b)

All vehicle owners subject of the foregoing Automated Traffic Enforcement System ordinances and procedures were and are innocent of any acts and/or alleged violations contemplated thereby and/or subject of the described procedures, due to the facially unconstitutional delegation of the police and judiciary functions of the City of New Orleans, thus rendering the enforcement of said provisions null and void and without effect as unconstitutional.

*Amended as follows:*

### 6(c)

Following the Louisiana Supreme Court's 2010 denial of the City of New Orleans' writ application in the matter entitled Darlene Washington-Wapegan, et al v. The City of New Orleans, Civil District Court for the Parish of Orleans Suit No. 10-9732, Louisiana Fourth Circuit Court of Appeal No. 2010-C-1399 (writ denied), Louisiana Supreme Court docket no. 2010-CC-2297, the City of New Orleans, upon information and belief, reenacted Sections 154-1701 through 1704 of the Municipal Code of Ordinances of the City of New Orleans, re-designating exclusive authority for enforcement, notice and collection of traffic camera ordinances and fees in the New Orleans Police Department, and legislating that this amendment shall be applied retroactively to the inception date of the Automated Traffic Enforcement System. This legislative action constitutes an *ex post facto* law within the meaning of Article I, Section 10 of the United States Constitution.

**7.**

During the summer of 2010, Evelyn Alexis Bevis received notice of an alleged violation captured by a traffic camera on Jackson Avenue in the Parish of Orleans, Eastern District of Louisiana, as she operated a motor vehicle she owns. Subsequently, she received notice of and paid through American Traffic Solutions, Inc. a monetary fine pursuant to Notice No. 0801001006619, all as per the ordinances and procedures described above, thereby becoming subject to the ostensible authority and jurisdiction delegated to the New Orleans Department of Public Works, and delegated in turn to American Traffic Solutions, Inc.

*Amended as follows:*

**7(a)**

On two occasions in the Year 2010, Scott I Zatzkis received notices of two alleged violations captured by traffic cameras at two locations while operating a vehicle he owned  Orleans Parish. Subsequently, he received notices of and  paid through American Traffic Solutions, Inc. monetary fines pursuant to Notices Nos. 0801000233875 and 0801000347170, all as per the ordinances and procedures described above, thereby becoming subject to the ostensible authority and jurisdiction delegated to the New Orleans Department of Public Works, and delegated in turn to American Traffic Solutions, Inc.

*Amended as follows:*

**7(b)**

On one occasion in the Year 2009, and on three occasions in the Year 2010, Juliette M. Neves received notices of four alleged violations captured by traffic cameras at three locations while operating a vehicle she owned  Orleans Parish. Subsequently, she received notices of and  paid through American Traffic Solutions, Inc. monetary fines pursuant to Notices Nos. 0800900822795,

and 0801000392556, all as per the ordinances and procedures described above, thereby becoming subject to the ostensible authority and jurisdiction delegated to the New Orleans Department of Public Works, and delegated in turn to American Traffic Solutions, Inc.

### IV.  CAUSES OF ACTION

**8.**

M.C.S., Ord. No. 22526, § 1, 2-15-07; M.C.S., Ord. No. 22978, § 2, 1-24-08; M.C.S., Ord. No. 23910, § 1, 3-11-10, M.C.S., Ord. No. 22526, § 1, 2-15-07; M.C.S., Ord. No. 22978, § 3, 1-24-08, M.C.S., Ord. No. 22526, § 1, 2-15-07; M.C.S., Ord. No. 22978, § 4, 1-24-08; M.C.S., Ord. No. 23402, § 1, 3-3-09; M.C.S., Ord. No. 23910, § 1, 3-11-10, M.C.S., Ord. No. 22526, § 1, 2-15-07; M.C.S., Ord. No. 22978, § 5, 1-14-08 - codified and promulgated as Section 154-1701 through Section 154-1704 (Article XVII - Automated Traffic Enforcement System) of the Code of Ordinances of the City of New Orleans constitute an unconstitutional and unlawful delegation of the police power of the City of New Orleans and the State of Louisiana, and of the civil and criminal jurisdiction of the Courts of the City of New Orleans and of the State of Louisiana, to the New Orleans Department of Public Works, and to American Traffic Solutions, Inc., and as such, these ordinances are facially unconstitutional, in the following nonexhaustive particulars:

a. Violation of the doctrine of governmental separation of powers, in the delegation of the police and judicial powers of government to the New Orleans Department of Public Works, delegated in turn to American Traffic Solutions, Inc.;

b. Violation of Fifth Amendment to the United States Constitution, in that the ordinances and their enforcement give rise to an unconstitutional taking of property for public purpose;

c. Violation of the United States Constitution Fifth and Fourteenth Amendment guarantees of due process, in that the ordinances and their enforcement deprive persons of safeguards inherent in an independent and dedicated judiciary and police force, resulting in unlawful civil and quasi-criminal proceedings and in rem actions administered by the non-judicial government entity the Department of Public Works and/or its delegee, American Traffic Solutions, Inc., and unlawful summary punishment at the hands of this illegitimate police force;

d. Violation of the Eighth Amendment protections against cruel and unusual punishment and excessive bail, in that the ordinances, their enforcement and effects give rise to attachment and taking of property whose value is grossly disproportionate to the offense allegedly committed;

e. Violation of the United States Constitution Fourteenth Amendment of the United States Constitution through creation of a suspect class of persons defined as motorists and vehicle owners present in Orleans Parish in locations where traffic cameras operate, and/or those persons subject to the ordinances and procedures they prescribe. It is specifically alleged that no legitimate governmental purpose or policy justifies the Defendants' actions and/or the existence of the suspect class thus created.

f. Violation of the Fourth Amendment guarantees against unreasonable search and seizure, in that the ordinances, their enforcement, and their effect constitute an unreasonable intrusion and invasion of privacy through the use of machines, and summary seizure of property;

g. Violation of the Interstate Commerce Clause of the United States Constitution due to the impact of the ordinances on the free flow of road-borne trade between citizens of different states;

h.     Any and all others inherent in the facts and law.

*Amended as follows:*

**8(a)**

Amendment of the ordinances subject of suit, through unconstitutional and unlawful *ex post facto* application of an otherwise unconstitutionally void c (as per the Louisiana jurisprudential holdings cited above) criminal, quasi-criminal and/or mixed proceeding and penalty, results and will continue result in the unconstitutional deprivations described above, additional due process deprivations, and does and will subject of citizens who own vehicles to past, present, future, and ongoing constitutional deprivations in the form of unlawful, invalid, and rogue legislative action, culminating in additional unlawful takings and deprivation of rights and property, so long as the Automated Traffic Enforcement System continues to operate.

*Amended as follows:*

**9.**

At all times pertinent to the unconstitutional deprivations of civil rights and liberties, and unconstitutional legislative action, alleged herein, Defendants were and are acting under color of law. Defendant American Traffic Solutions was and is at all times pertinent as a State Actor (*Terry v. Cross*, 345 U.S. 461 (1953) and its progeny), acting under color of law.     *Amended as follows:*

**10.**

At all times pertinent, one or more Defendants and/or agents thereof was, is, are, and continues to be, the moving force behind a policy of promotion and approval of civil rights and liberties violations, through laws, use, pattern, habit, custom and practice, against citizens of the

Eastern District of Louisiana, within the Parish of Orleans, and/or promoted a policy of callous and reckless indifference to the civil rights and liberties of citizens of the Eastern District of Louisiana, within the Parish of Orleans.  Plaintiff pleads the doctrine of *respondeat superior*.

### V.  CLASS ALLEGATIONS

### 11.

Plaintiff brings this action on behalf of herself and all others similarly situated, who are members of the following Proposed Class and/or Subclasses, who are not time-barred, nor in any other respect prevented from proceeding upon one or more causes of action alleged herein:

*Amended as follows:*

Any and all natural and juridical persons who own vehicles and who have been cited for traffic violations by those vehicles in Orleans Parish from January 1, 2007 through the present based upon traffic camera evidence, and who have been subject by the Department of Public Works and/or American Traffic Solutions, Inc. to the enforcement and collection ordinances and procedures described herein and/or as per Section 154-1701 through Section 154-1704 (Article XVII - Automated Traffic Enforcement System)  of the Code of Ordinances of the City of New Orleans;

Any and all natural and juridical persons who own vehicles and who have been cited for traffic violations by those vehicles in Orleans Parish from January 1, 2007 through the present based upon traffic camera evidence, and who have been subject  by *ex post facto* legislation to the enforcement and collection ordinances and procedures described herein and/or as per Section 154-1701 through Section 154-1704 (Article XVII - Automated Traffic Enforcement System)  of the Code of Ordinances of the City of New Orleans;

**12.**

Excluded from the Class are:

a. the officers and directors of any of the Defendants;

b. any judge or judicial officer assigned to this matter and his or her immediate family; and

c. any legal representative, successor, or assign of any excluded persons or entities.

**13.**

**Numerosity of the class.** The proposed Class is so numerous that joinder is impractical. The disposition of the claims asserted herein through this class action will be more efficient and will benefit the parties and the Court.

**14.**

**Predominance of Common Questions of Fact and Law.** There is a well-defined community of interest in that the questions of law and fact common to the Class predominate over questions affecting only individual Class Members.

**15.**

**Typicality.** Plaintiff and the Class Members have suffered similar harm as a result of Defendants' actions.

**16.**

**Adequacy of Representation.** Plaintiff and her counsel will fairly and adequately represent and protect the interests of the members of the Class because their interests do not conflict with the interests of the Class Members they seek to represent. Plaintiff has no claims antagonistic to those of the Class. Plaintiff has retained counsel competent and experienced in complex class actions.

**17.**

**Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to this Court in which individual litigation of thousands of cases would proceed. Individual litigation presents a potential for inconsistent or contradictory judgments, and the prospect of a race for the courthouse and an inequitable allocation of recovery among those with equally meritorious claims. Individual litigation increases the expenses and delay to all parties and the court system in resolving the legal and factual issues common to all claims related to the Defendants' conduct alleged herein. By contrast, a class action presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

18.

The various claims asserted in the action are also certifiable under the provisions of Rules 23(b)(1) and/or 23(b)(3) of the Federal Rules of Civil Procedure because:

a. The prosecution of separate actions by thousands of individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, thus establishing incompatible standards of conduct for Defendants;

b. The prosecution of separate actions by individual Class Members would also create the risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class Members who are not parties to such adjudications and would substantially impair or impede their ability to protect their interests; and

c. The questions of law or fact common to the Members of the Class predominate over any questions affecting only individual Members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### VI.  DAMAGES

**19.**

Defendants are liable to the Plaintiffs jointly, divisibly and *in solido* for all amounts as are reasonable in the factual and legal premises, and for all additional relief as prayed-for and/or awarded herein.

**20.**

The ordinances, their enforcement, and/or their effects give rise to an unconstitutional taking of private property, unconstitutional deprivation of due process, an unconstitutional deprivation of equal protection of the laws, for which Defendants are liable, and additionally constitute and/or give rise to violations of the laws and constitution of the State of Louisiana in that the effects constitute and/or give rise to (a) conversion; (b) trespass to property; (c) false arrest and/or attachment of persons and their property; (d) unlawful touching; and unlawful local government taking and/or expropriation, among other wrongful acts and omissions described herein and/or inherent in the facts and law, which are cognizable pursuant to the Court's supplementary jurisdiction.

**21.**

In addition to monetary damages, Plaintiffs seek injunctive relief and/or enjoinder of Defendants from further conduct of the acts and omissions complained-of herein.

*Amended as follows:*

**22.**

Defendants have acted with callous indifference to, wilful, wanton and/or reckless disregard for, and/or intentional disregard for, the civil rights and privileges of the Named Plaintiffs and the class they seek to represent.  Defendants are therefore liable for punitive damages.

*Amended as follows:*

### 23.

Plaintiff Evelyn Alexis Bevis itemizes her damages as follow (U.S.D.):

| | | |
|---|---|---:|
| a. | Past and future loss and/or impairment of enjoyment and/or use of property; | 150,000.00 |
| b. | Past and future deprivation of civil rights | 300,000.00 |
| c. | Punitive damages | 1,000,000.00 |
| d. | Traffic fine | 185.00 |
| e. | Attorney's fees pursuant to 42 USC 1988 | T.B.D. |
| f. | Court costs and judicial interest from demand until paid | T.B.D. |
| g. | Any and all others proven. | |

*Amended as follows:*

### 24.

Plaintiff Scott I. Zatzkis itemizes his damages as follow (U.S.D.):

| | | |
|---|---|---:|
| a. | Past and future loss and/or impairment of enjoyment and/or use of property; | 150,000.00 |
| b. | Past and future deprivation of civil rights | 300,000.00 |
| c. | Punitive damages | 1,000,000.00 |
| d. | Traffic fines | 320.00 |
| e. | Attorney's fees pursuant to 42 USC 1988 | T.B.D. |
| f. | Court costs and judicial interest from demand until paid | T.B.D. |
| g. | Any and all others proven. | |

*Amended as follows:*

### 25.

Plaintiff Juliette M. Neves itemizes her damages as follow (U.S.D.):

| | | |
|---|---|---:|
| a. | Past and future loss and/or impairment of enjoyment and/or use of property; | 150,000.00 |
| b. | Past and future deprivation of civil rights | 300,000.00 |
| c. | Punitive damages | 1,000,000.00 |

| | | |
|---|---|---:|
| d. | Traffic fines | 185.00 |
| e. | Attorney's fees pursuant to 42 USC 1988 | T.B.D. |
| f. | Court costs and judicial interest from demand until paid | T.B.D. |
| g. | Any and all others proven. | |

*Amended as follows:*

**26.**

The damages pled above are personal to the Nominal Plaintiffs, and do not include amounts sought on behalf of the class of persons they seek to represent.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, the Nominal Plaintiffs, in their own behalf and on behalf of a class and/or subclasses of persons similarly situated, prays that Defendants be duly served a copy of this Complaint and summoned to appear and timely answer same, that the Court assert supplemental jurisdiction over all state law claims cognizable herein, that the Court certify one or more class and or subclass definitions for class treatment, and after all due proceedings be had, there be judgment holding Defendants liable individually, jointly, divisibly, severally and *in solido* for all compensatory and punitive damages reasonable according to the facts and law, attorney's fees, legal interest from the date of judicial demand until paid, and for Defendants to bear all costs of these proceedings, and for all general, equitable and injunctive relief as may be had.

Plaintiffs request a trial by jury.

Respectfully submitted,

**BEST KOEPPEL TRAYLOR**


*\s\Brian A. Gilbert*
**PETER S. KOEPPEL**
**W. SCARTH CLARK**
**BRIAN A. GILBERT** (21297)
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Phone: 504.598.1000
Fax: 504.524.1024
peterklaw@aol.com
sclark@bestkoeppel.com
bgilbert@briangilbertlaw.com



**DOBRESCU AND ASSOCIATES**

**ALEXANDER DOBRESCU**, (#30848)
825 Baronne Street
New Orleans, LA 70113
Telephone: (504) 292-3888
Fax: 1800 641-6198
dobresculaw@yahoo.com

*Attorneys for the Plaintiff*