```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**EVELYN ALEXIS BEVIS, ET AL**                                    **CIVIL ACTION**

**VERSUS**                                                         **NO. 10-4161**

**THE CITY OF NEW ORLEANS, ET AL**                             **SECTION "B"(3)**

                         ORDER AND REASONS

**IT IS ORDERED** that Defendants', American Traffic Solutions, Inc. ("ATS") and the City of New Orleans ("City"), opposed Motions to Dismiss (Rec. Doc. Nos. 12, 15, 23), are **GRANTED,** dismissing the federal based claims. Further, the Court declines supplemental jurisdiction over all remaining state claims, reserving those for consideration by the appropriate state court.

Defendant, City, through its Administration and/or City Council enacted a group of ordinances, codified and promulgated as Section 154-1701 through Section 154-1704, or "Article XVII. - Automated Traffic Enforcement System."[1] (Rec. Doc. No. 1 at 3). The ATES Ordinance permits and regulates the use of digital cameras for the purpose of issuing citations for traffic violations.[2] (Rec. Doc. No. 1 at 3-4). Originally, the New Orleans Department of Public Works was responsible for the administration of notification and collection of fines from those caught violating

---

[1] Hereinafter, "ATES Ordinance."

[2] Specifically, the cameras detect vehicles that are speeding or running red lights.

1

traffic laws on camera. (Rec. Doc. No. 1 at 4). The Department of Public Works then delegated its functions to Defendant, ATS. *Id*.

In 2010, a Louisiana state district court enjoined the City from enforcing the ATES Ordinance, as it violated the Home Rule Charter of the City of New Orleans.[3] Subsequently, the ATES Ordinance was reenacted to provide "exclusive authority for enforcement, notice and collection of traffic camera ordinances and fees in the New Orleans Police Department." (Rec. Doc. No. 35 at 9). Upon re-enactment and amendment, the court immediately lifted the injunction, permitting the City to resume enforcement of the ATES Ordinance.[4] (Rec. Doc. No. 33 at 4).

Plaintiff, Evelyn Alexis Bevis received notice of, and paid, a monetary fine during the summer of 2010 for an alleged violation captured by a traffic camera on Jackson Avenue in Orleans Parish. (Rec. Doc. No. 1 at 4). Other named plaintiffs, Scott I. Zatkzkis and Christina H. Coble, were also notified of, and subsequently paid, fines pursuant to the ATES Ordinance. (Rec. Doc. No. 35 at 4-5). Plaintiff, David D. Kervin Jr. was similarly notified by ATS of an alleged violation, but he chose to contest the citation. (Rec. Doc. No. 35 at 3-4).[5] On February 4, 2011, Kervin received

---

[3] *See infra*, Section C. "Does the State Action *in Darlene Washington-Wapegan v. City of New Orleans* Have Bearing on This Court?*,*" at pg. 5.

[4] Moreover, the amendment was applied retroactively to the inception date of the ATES. (Rec. Doc. No. 35 at 9).

[5] *See also*, Rec. Doc. No. 55-1.

a "Determination Notice", informing him that he was "guilty of the offenses with which he was charged." (Rec. Doc. No. 35 at 4).

A. <u>12(B)(6) Motion to Dismiss Standard</u>

When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). " 'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)) (internal quotation marks omitted). The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1950. First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Legal conclusions "must be supported by factual allegations." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

Upon identifying the well-pleaded factual allegations, courts

then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

B. Waiver and Estoppel

Although Plaintiffs discuss the issue of estoppel at length in their filings, Defendants only claim that Plaintiffs *waived* their right to challenge the constitutionality of the ATES Ordinance. (Rec. Doc. No. 33 at 3). Accordingly, it is only necessary to briefly consider Defendants' contention that Plaintiffs' claims are barred by waiver.

One federal court in Missouri addressed the "waiver by payment" issue by applying a two-part test to administrative hearings:

> "(1) whether Defendants have shown that the administrative hearing examiner had jurisdiction to hear Plaintiffs' constitutional claims; . . . and (2) whether Defendants have shown that the constitutional claims could have been considered by the hearing examiner in Plaintiffs' case." *Mills v. City of Springfield, Missouri*, 2010 WL 3526208, *3 (W.D.Mo. 9/03/2010).

The *Mills* court refused to find waiver because, "even had

Plaintiffs challenged their citations, they would have appeared before a hearing examiner established by § 106-161 - an ordinance which does not grant jurisdiction to hear constitutional claims." *Id.* Similarly, the ATES Ordinance does not grant hearing officers with jurisdiction to hear constitutional claims, only challenges to liability.[6] Moreover, Plaintiff, Kervin *did* challenge the constitutionality of the ATES Ordinance, and was denied relief. (*See generally*, Rec. Doc. No. 55-1, Kervin's Letter to City).

Thus, Defendants have failed to show that Plaintiffs' claims are barred by waiver.

C. Does the State Action *in Darlene Washington-Wapegan v. City of New Orleans* Have Bearing on This Court?

First, the plaintiffs in that case, Darlene Washington-Wapegan, Carolyn Blackman, Joseph E. Alverez, and Corinne Ducre, are not parties in the instant case. Additionally, the state court never considered the constitutionality of the ATES Ordinance, as this court must. These distinctions preclude the application of *res judicata*.[7] Thus, the action taken by the Louisiana courts in *Washington-Wapegan* has no bearing on the case or issues before this court.

---

[6] City Ord. § 154-1702. ("Failure to pay a civil penalty or to *challenge liability* in a timely manner is a waiver of the right to appeal under subsection 154-1702(h)").

[7] *See*, *Allen v. McCurry*, 449 U.S. 90, 96 (1980).

D. <u>Federal Constitutional Issues</u>

    1. <u>Is the ATES Ordinance Criminal or Civil in Nature?</u>

The Supreme Court applies a two-prong, multi-factor test to determine whether a penalty is criminal or civil in nature. *Hudson v. United States*, 522 U.S. 93 (1997). First, the court must determine whether the legislature intended, either expressly or impliedly, for the penalty to be criminal or civil. *Id.* at 99. Legislative intent may only be overcome by showing that the "statutory scheme [is] so punitive in either purpose or effect . . . as to transform what was clearly intended as a civil remedy into a criminal penalty . . . " *Id.* Furthermore, the Court in *Hudson* utilized seven factors listed in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963):

> (1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as a punishment; (3) whether it comes into play only on a finding of *scienter*; (4) whether its operation will promote the traditional aims of punishment – retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned. *Id* at 99-100.

The plain language of the ATES Ordinance shows the City's intent to impose a "civil penalty." Moreover, after an analysis of the *Mendoza-Martinez* factors, we find that Plaintiffs' challenge to the civil nature of the ATES Ordinance fails as a matter of law.

    First, the ATES Ordinance imposes only a monetary penalty, not

a physical restraint. City Ord. § 154-1703. Second, monetary penalties have been recognized as civil sanctions. *See*, *Ware I*, 2009 WL 5876275, *5 (W.D.La. Jan. 6, 2009); *Mills*, 2010 WL 3526208, *10; *Shavitz*, 270 F.Supp.2d at 714. Third, the imposition of the civil penalty under the ATES Ordinance does not require a finding of *scienter*. *See generally*, City Ord. §§ 154-1701-1704.[8] Fourth, the ATES Ordinance can be interpreted to have many goals, including punishment and deterrence for drivers who violate traffic laws, thus promoting public safety. *Id*. Fifth, conduct which violates the ATES Ordinance may be criminally punished under a separate statutory scheme. La. R.S. 32:56(B); La. R.S. 32:61-64; La. R.S. 32:321(A); La. R.S. 32:232(3). Sixth, the promotion of public safety has been recognized by the Supreme Court as "a legitimate, non-punitive purpose." *Smith*, 538 U.S. at 102-03.[9] Finally, the "modest civil penalty" imposed under the ATES Ordinance is by no means excessive in relation to a legitimate governmental purpose, such as public safety.[10]

---

[8] *See also*, *Mills,* 2010 WL 3526208, *10 (recognizing that civil penalty for a violation of the red light ordinance enforced through a red light camera is assessed without regard to the violator's knowledge or state of mind).

[9] *See also*, *Shavitz*, 270 F.Supp.2d at 715-16; *Ware II*, Ex. C., p. 1; *Mills*, 2010 WL 3526208, *11.

[10] City Ord. § 154-1703(a)-(b) (providing for civil penalties ranging from $45.00 to $205.00). *See also*, *Mills*, 2010 WL 3526208, *11 (finding a $100 fine not excessive in relation to the public safety purpose of red light camera ordinance); *Van Harken*, 906 F.Supp. at 1191-92 ($200 fines "can hardly be considered excessive" in relation to the alternative public safety purpose of the red light camera ordinance).

Indeed, several federal district courts evaluating automated traffic enforcement ordinances nearly identical to that at issue here have consistently found such to be civil in nature based on a similar analysis of the above factors.[11] Further, in *Albe v. City of New Orleans,* No. 08-12542, Division "B", the Civil District Court for the Parish of Orleans specifically stated at a hearing regarding the City and ATS's motions for partial summary judgment that the exact ATES Ordinance that is challenged in the instant action "is not a criminal violation."[12]

Accordingly, we find the ordinance at bar to be civil in nature, as Plaintiffs have failed to demonstrate a plausible factual basis for overcoming the heavy burden of "transforming" the nature of the ATES Ordinance and penalty from civil to criminal.

2. <u>Does the ATES Ordinance Violate Procedural Due Process?</u>

Although the classification of the ATES Ordinance as civil narrows Plaintiffs' procedural protections under due process, "they are nevertheless entitled to 'such procedural protections as the situation demands.'" *Ware I*, 2009 WL 5876275, *6 (W.D.La.

---

[11] *See, e.g., Mills,* 2010 WL 3526208, at *8-*12; *Balaban v. City of Cleveland*, 2010 WL 481283, *3-*6 (N.D.Ohio 2010); *Kilper*, 2009 WL 2208404, at *13-*19; *Ware I*, 2009 WL 5876275, at *4-*5; *Mendenhall v. City of Akron*, 2008 WL 7484179, *5 (N.D.Ohio 2008); *Shavitz*, 270 F.Supp.2d at 712-17.

[12] Rec. Doc. No. 33-3, Exhibit 3, "Transcript of the colloquy taken during the Rule Hearing held in the above-captioned matter [*Michelle Albe v. City of New Orleans*, Case No. 08-12542, Division B] on Thursday, April 8, 2010, before the Honorable Rosemary Ledet, Judge Presiding," at 2.

1/06/2009).[13] However, ordinances with procedures similar to those provided for in the ATES Ordinance have been found to satisfy the requirements of procedural due process.[14]

Specifically, Plaintiffs claim that the ATES Ordinance is "missing" affirmative defenses and opportunities to present evidence or testimony. (Rec. Doc. No. 23 at 24). To the contrary, the ATES Ordinance explicitly provides for affirmative defenses. City Ord. § 154-1702(f).[15] Additionally, the ATES Ordinance permits vehicle owners to request witnesses, including the officer who approved the Notice of Violation, be subpoenaed to testify at the administrative hearings. City Ord. §§ 154-685(2).

---

[13] Citing *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).

[14] *See*, *Mendenhall v. City of Akron*, 2010 WL 1172474 (6th Cir. Mar 29, 2010) (holding that an "ordinance [which] provides for notice of the citation, an opportunity for a hearing, provision for a record of the hearing decision, and the right to appeal an adverse decision" did not violate procedural due process); *Ware I,* 2009 WL 5876275, at *4-8 (dismissing a due process claim brought against a comparable ordinance in Lafayette Parish); *Shavitz*, 270 F.Supp.2d at 712-17 (holding that a traffic control photographic system did not violate due process).

[15] "(1) The operator of the motor vehicle was acting in compliance with the lawful order or direction of a law enforcement or public safety officer; (2) The operator of the motor vehicle violated the instructions of the speed limit sign in an effort to move out of the way of an immediately approaching authorized emergency vehicle; (3) The motor vehicle was being operated as an authorized emergency vehicle under R.S. 32:24, and the operator was acting in compliance with R.S. 32:24; (4) The motor vehicle was being operated by a person other than the owner of the vehicle without the consent of the owner, express or implied; (5) The license plate depicted in the recorded image of the violation was a stolen plate and being displayed on a motor vehicle other than the motor vehicle for which the plate had been issued, if at the time of the violation the motor vehicle displayed a stolen plate, which must include proof acceptable to the hearing officer to prove that the theft of the vehicle or license plate had been timely reported to the appropriate law enforcement agency; (6) The person who received the notice of violation was not the owner of the motor vehicle at the time of the violation . . . ."

Moreover, Plaintiffs' argument that the ATES Ordinance, if found to be civil in nature, relies on a loose analogy to a Louisiana DWI administrative proceeding, which Plaintiffs admit, is a criminal offense, not civil.[16]  Overall, Plaintiffs fail to state a factually plausible due process claim.

### 3. Is *Ex Post Facto* Applicable?

The *Ex Post Facto* Clause does not apply to the ATES Ordinance because, as previously stated, the ordinance is not criminal in nature.[17]

### 4. Does the ATES Ordinance Violate the Fourth Amendment?

First, no seizure is involved in the enforcement of the ATES Ordinance, thus no unreasonable seizure is at issue here.[18] Additionally, Plaintiffs cannot plausibly claim an invasion of privacy because no expectation of privacy exists when driving on public streets, and Plaintiffs fail to show factual support here for their conclusory statements.[19]  Accordingly, it is factually implausible that the ATES Ordinance violates the Fourth Amendment.

---

[16] *See supra*, pp. 6-8.

[17] *See*, *Calder v. Bull*, 3 U.S. 386, 390-91 (1798); *Ogden v. Saunders*, 25 U.S. 213 (1827); *Story v. Collins*, 920 F.2d 1247, 1254 (5th Cir. 1991).

[18] *McNiell v. Town of Paradise*, 2002 WL 1905978, *1 (9th Cir. Aug. 19, 2002)("sending a traffic citation to the registered owner of a vehicle based on the photo radar system does not constitute a seizure under the Fourth Amendment").

[19] *United States v. Knotts*, 460 U.S. 276, 276, 103 S. Ct. 1081, 1082, 75 L. Ed. 2d 55 (1983)("A person traveling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements").

5. <u>Does the ATES Ordinance Violate the Takings Clause?</u>

The Takings Clause is inapplicable to the lawful levying of a civil fine. *Mills v. City of Springfield, Mo.*, 2010 WL 3526208 (W.D. Mo. Sept. 3, 2010).[20] Even if this constitutional provision were found to be applicable, the ATES Ordinance does not violate the Takings Clause. The *Mills* court considered this exact question:

> "Here, the economic impact of the regulation is minimal, there is no reasonable investment backed expectation to run red lights with impunity, and, because the City of Springfield has merely exercised its police power to protect public safety, the character of the government action leans heavily against finding a taking. Here again, Plaintiffs' claim is implausible as a matter of law and must be dismissed." *Mills v. City of Springfield, Mo.*, 2010 WL 3526208 (W.D. Mo. Sept. 3, 2010).

The rationale in *Mills* is sound and applicable. Plaintiffs conclusory allegations do not withstand the pleading requirements of *Iqbal* and *Twombly*. It would be futile to allow this claim to be maintained. Accordingly, Plaintiffs' Fifth Amendment claim is dismissed.

6. <u>Does the ATES Ordinance Violate Equal Protection?</u>

The Supreme Court reasoned that "a classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity." *Heller v. Doe by Doe*,

---

[20] Citing *Shavitz,* 270 F.Supp.2d at 719 n. 15.

509 U.S. 312, 319 (1993).[21] Here, the ATES Ordinance involves no fundamental right, as the Constitution never addresses any right to speed or run traffic lights.[22] Moreover, the ATES Ordinance does not create a suspect class because, as Plaintiff stipulates, the law only distinguishes between vehicle owners whose automobile has been photographed, and those who have not.[23]

Accordingly, in analyzing the ATES Ordinance under the rational basis test, we find, as other federal courts have reasoned on similar issues, the ATES Ordinance to be rationally related to the legitimate governmental purpose of promoting public safety.[24] Plaintiffs' Equal Protection claim is therefore dismissed.

7. <u>Does the ATES Ordinance Violate the Eighth Amendment?</u>

The civil fines imposed by the ATES Ordinance are not excessive, and thus, Plaintiffs' Eighth Amendment claim is also

---

[21] Citing *Beach Communications*, 508 U.S., at 314-315, 113 S.Ct., at 2096; *Kadrmas v. Dickinson Public Schools*, 487 U.S. 450, 462, 108 S.Ct. 2481, 2489, 101 L.Ed.2d 399 (1988); *Hodel v. Indiana*, 452 U.S. 314, 331-332, 101 S.Ct. 2376, 2386-2387, 69 L.Ed.2d 40 (1981); *Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 314, 96 S.Ct. 2562, 2567, 49 L.Ed.2d 520 (1976) (per curiam).

[22] *Mills v. City of Springfield, Mo.*, 2010 WL 3526208 (W.D. Mo. Sept. 3, 2010)("[T]here is no fundamental right to run red lights").

[23] *Mills v. City of Springfield, Mo.*, 2010 WL 3526208 (W.D. Mo. Sept. 3, 2010)("[T]here is no suspect classification at issue because § 106-161 only distinguishes between individuals whose vehicles have been photographed violating the red light ordinance and those whose vehicles have not been photographed violating the red light ordinance"). *See also*, Rec. Doc. No. 1 at 6; Rec. Doc. No. 35 at 11.

[24] *Shavitz*, 270 F.Supp.2d at 723 ("Plaintiff falls far short of surmounting the formidable presumption of validity bestowed upon the ... ordinance by the rational basis review standard."). See also, *Mills v. City of Springfield, Mo.*, 2010 WL 3526208 (W.D. Mo. Sept. 3, 2010).

dismissed. City Ord. § 154-1703(a)-(b) (providing for civil penalties ranging from $45.00 to $205.00). *See also*, *Mills*, 2010 WL 3526208, *11 (concluding that $100 fine is not excessive); *Kilper v. City of Arnold*, 2009 WL 2208404, *17 ("The amount of the potential fine for violating a red light enforced through a camera [$94.50] is not excessive..."); *Van Harken*, 906 F.Supp. At 1191-92 ($200 fine "can hardly be considered excessive" in relation to the alternative public safety purpose"; *Shavitz*, 270 F.Supp.2d at 716 (civil penalty for a red light violation which was detected by cameras "is not excessive...").

8. <u>Does the ATES Ordinance Violate Interstate Commerce?</u>

Plainly, the ATES Ordinance does not discriminate against interstate commerce. The ATES Ordinance merely allows and regulates the use of traffic cameras to enforce traffic laws in the interest of public safety. City Ord. §§ 154-1701-1704. The ATES Ordinance places no limitations on the flow of goods or people, nor does it add any costs to out-of-state goods, nor does it distinguish between in-state and out-of-state drivers. "The absence of any of these factors fully distinguishes this case from those in which a State has been found to have discriminated against interstate commerce." *Exxon Corp. v. Governor of Maryland*, 437 U.S. 117, 126 (1978).[25] Thus, this claim must also be dismissed.

---

[25] Citing *e.g., Hunt v. Washington Apple Advertising Comm'n.,* 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383; *Dean Milk Co. v. Madison,* 340 U.S. 349, 71 S.Ct. 295, 95 L.Ed. 329.

E. <u>Louisiana State Law Issues</u>

In light of the above dismissal of all federal claims in this matter, we further decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966)("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *see also*, *Mills v. City of Springfield, Mo.*, 2010 WL 3526208 (W.D. Mo. Sept. 3, 2010) ("Having dismissed all the federal claims over which it had original jurisdiction, and with reason to believe that at least some of Plaintiffs' more than a dozen state law claims are novel, the Court declines to exercise supplemental jurisdiction under § 1367.").  Plaintiffs would not be prejudiced because this action has been pending only about 8 months, Plaintiffs third amended complaint was filed on May 5, 2011, and most of the work has centered thus far on amending pleadings and other filings directed to the pending dismissal motions.  Further, to the extent any further work occurred, if any, it may be used in future state court action.

New Orleans, Louisiana, this 15th day of July, 2011.

UNITED STATES DISTRICT JUDGE